IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER R. JINZO,**

      Plaintiff,

vs.                                          Civ. No. 00-1358 LH/DJS

**LARRY G. MASSANARI,**[1]
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision. (Docket No. 8), filed June 25, 2001. The Commissioner of Social Security issued a final decision denying the Plaintiff his claim for supplemental security income and disability insurance benefits. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is well taken and recommends that it be GRANTED.

### PROPOSED FINDINGS

### I. PROCEDURAL RECORD

---

[1] Larry G. Massanari became Acting Commissioner of Social Security on March 29. 2001. Pursuant to Rule 25(d)(1) as the Federal Rules of Civil Procedure, Larry G. Massanari should be substituted, therefore, for Acting Commissioner William A. Halter as the defendant in this suit.

1. Plaintiff Christopher R. Jinzo filed an application for disability insurance and supplemental security income on October 28, 1994 alleging a disability since May 29, 1994 due to a birth defect of the right shoulder. Tr. 63-66, 70-72 and 106. On September 17, 1996, the ALJ determined that Plaintiff could perform other work. Tr. 164-67. On August 5, 1997, the Appeals Council vacated the ALJ's decision and remanded the case for review under the new and material evidence provision of the Social Security Regulations. 20 C.F.R. Secs. 404.970 and 416.1470.

2. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on April 7, 1998. Tr. 27. The ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993): the claimant has not engaged in substantial gainful activity since May of 1994; the claimant has had a "severe" impairment or combination of impairments due to a brachial plexus injury resulting n a significant limitation of function of the right upper extremity; the severity of the claimant's impairment does not meet or equal a listed impairment; the claimant has a symptom-producing medical problem but exaggerates the symptoms and functional limitations produced thereby; the claimant cannot perform his part relevant work; and the claimant has the capacity to perform alternative jobs that exist in significant numbers in the economy. Tr. 14-18.

3. The ALJ entered his decision on July 31, 1998. Thereafter, the Plaintiff filed a request for review in September 28, 1998. Tr. 14. On July 28, 2000, the Appeals Council issued its decision denying request for review and upholding the final decision of the ALJ. Tr. . The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on September 27, 2000.

## II.  STANDARD OF REVIEW

4.  The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."  Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5.   In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  Se 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. Sec. 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

6.  At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limits her ability to do basic work activities and his impairment meet or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404,, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. Secs. 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the

Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff raises five arguments in support of his Motion to Reverse or Remand Administrative Decision. First, the Plaintiff argues the ALJ failed to develop the record. Second, the ALJ failed to accurately report the testimony of the vocational expert. Third, the ALJ failed to do a proper analysis of Plaintiff's subjective complaints of pain. Fourth, the ALJ erred in his credibility determination. And lastly, the ALJ failed to determine Plaintiff's residual functional capacity pursuant to SSR 96-8p.

The duty to develop the record.

8. Plaintiff argues that the ALJ failed to follow the remand order in not obtaining new medical records and not obtaining a more recent consultative evaluation. A review of the remand order clearly shows that the ALJ did not err concerning the record. In the remand order the Appeals Council directed the ALJ to "[u]pdate the medical record from existing sources who have treated and/or examined the claimant, and hold a supplemental hearing and enter the new evidence into the record, including that submitted to the Appeals Council." Tr. 179.

9. Plaintiff completed his disability report in 1994. At that time, he wrote that he had not been treated for his disability for the last four or five years. Tr. 108. In subsequent report filed by the Plaintiff prior to the remand, he wrote that he had not been treated for his disability. Tr. 119 and 195. At the hearing, Plaintiff submitted a copy of "Claimant's Recent Medical Treatment" dated April 1, 1998. Again, Plaintiff indicated he had not seen a physician regarding his disability because he could not afford a doctor and doctors had told him there was nothing that can be done. Tr. 195-6. At the

4

hearing Plaintiff's counsel submitted a report dated March 16, 1998 by Dr. Emmett Altman, an orthopedic specialist. The ALJ held a supplemental hearing and entered this new evidence into the record.

10. A consultative examination is necessary only when the medical evidence in the record is inconclusive or incomplete. Thompson, 987 F.2d at 1992. There is no issue before the ALJ requiring another consultative examination. Evidence existed that Plaintiff could not use his right arm because of an injury at birth. Tr. 33-36, 120-21, 125, 137 and 202-3. Dr. Hamilton's report of her examination is complete and conclusive. The ALJ developed the record to the extent required and possible.

The ALJ's analysis of Plaintiff's subjective complaints of pain.

11. Plaintiff argues that the ALJ failed to follow the case law for the Tenth Circuit regarding pain and its evaluation and cites Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). Plaintiff is correct. The remand order specifically ordered the ALJ to "[f]urther evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and 416.929) and pertinent circuit case law and Social Security Ruling 96-7p." Tr. 179. The ALJ's analysis was at best cursory. He wrote that Plaintiff took over the counter medications and used a hearing pad. Tr. 15. The remand order, the law of the Tenth Circuit and 96-7p require more analysis. SSR 96-7p requires the ALJ to consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.." An analysis of pain requires a three-part determination: 1)

whether claimant has established, by objective medical evidence, a pain-producing impairment; 2) if so, whether there is a "loose nexus" between that impairment and claimant's subjective complaints of pain; and 3) if so, whether considering all the evidence, claimant's pain is disabling. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)(citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). The Plaintiff showed through objective evidence the relationship between the Brachial Plexus impairment and the pain alleged. The X-rays noted in the record demonstrated that the Plaintiff had abnormalities in the area affected by the Brachial Plexus injury and which caused the Plaintiff to experience pain. Thus, the ALJ failed to do a proper analysis.

Remaining Arguments

12. The ALJ's error requires a remand. As the remand will require the Commissioner to conduct the sequential evaluation, it is not necessary to address Plaintiff's remaining arguments. Further, Plaintiff's remaining arguments result from the failure of the ALJ to include pain in his hypothetical to the vocational expert, in his credibility analysis and analysis of Plaintiff's residual functional capacity.

**RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed June 25, 2001, should be GRANTED. This case should be remanded to the Commissioner for completion of the sequential evaluation analysis with appropriate consideration accorded to the Plaintiff's complaints of pain.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**